Whalen, J.
(dissenting). I respectfully disagree with the majority’s conclusion that the failure of respondent Thomas J. Irish to file a declination of his designation as a candidate for Lancaster Town Councilman (Town Councilman) within the time period mandated by Election Law § 6-158 (2) must result in his name appearing on the ballot as a candidate for that office. Irish was designated by the Committee to Fill Vacancies to be the Independence Party’s substitute candidate for County Legislator, and Irish consented to that substitution (see § 6-148). Nothing in the Election Law provides that a person is ineligible to be nominated or designated to fill a vacancy for another office should he or she fail to execute a certificate of declination for a different office.
I further disagree with the majority’s conclusion that Irish did not present a legal basis to disqualify himself from the designation for Town Councilman. In my view, Irish disqualified *698 himself from that designation when he consented to become the substitute candidate for County Legislator, an office incompatible with that of Town Councilman (see Matter of Phillips v Suffolk County Bd. of Elections, 21 AD3d 509, 510-511 [2005], lv denied 5 NY3d 706 [2005]; Matter of Lawrence v Spelman, 264 AD2d 455, 456 [1999], lv denied 93 NY2d 813 [1999]; see also Matter of Burns v Wiltse, 303 NY 319, 323-325 [1951]). Therefore, when Irish consented to be the substitute candidate for County Legislator, which Election Law § 6-148 allowed him to do, a vacancy by disqualification arose for the candidacy of Town Councilman, and that vacancy may be filled pursuant to the mechanism set forth in section 6-148 (1). Consequently, it is clear that the Election Law already provides for the circumstances presently before us, and I see no basis for this Court to render a person ineligible to run for an office when the Election Law, itself, does not do so. I would therefore affirm. Present— Scudder, PJ., Smith, Peradotto, Whalen and Martoche, JJ.